IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **JAMES WILLIS TAYLOR,** § | | |
| **TDCJ No. 884222,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 7:19-cv-00098-O-BP | |
| § | | |
| **LORIE DAVIS, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition for Writ of Habeas Corpus, ECF No. 1, filed August 20, 2019 by Petitioner James Willis Taylor ("Petitioner"). This case was referred to the undersigned pursuant to Special Order 3 on August 20, 2019. ECF No. 2. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus, ECF No. 1, as successive, but without prejudice to Petitioner's right to seek leave to file a successive petition from the United States Court of Appeals for the Fifth Circuit.

Petitioner is a prisoner confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. ECF No. 1 at 1. He seeks to challenge the validity of his 1999 Potter County conviction of aggravated assault. *Id.* at 1–2. This is the same conviction that Petitioner challenged in *Taylor v. Dretke*, No. 2:01-cv-00273 (N.D. Tex. 2004) (petition for writ of habeas corpus denied on the merits); *Taylor v. Stephens*, No. 7:06-cv-00004-R (N.D. Tex. 2006) (petition for writ of habeas corpus dismissed as successive); and *Taylor v. Director*, No. 7:18-cv-00138-O-BP (N.D. Tex. 2018) (petition for writ of habeas corpus voluntarily dismissed).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. 28 U.S.C. § 2244(b)(3)(A). In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Crone v. Cockrell*, 324 F.3d 833, 836–37 (5th Cir. 2003). When a petition in this Court is second or successive, the petitioner must seek an order from the United States Court of Appeals for the Fifth Circuit authorizing this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A).

The instant Petition, filed August 20, 2019, is the fourth federal habeas action filed by Petitioner in which he seeks to challenge the validity of his 1999 aggravated assault conviction. *See Taylor v. Director*, No. 7:18-cv-00138-O-BP (N.D. Tex. 2018) (petition for writ of habeas corpus voluntarily dismissed); *Taylor v. Stephens*, No. 7:06-cv-00004-R (N.D. Tex. 2006) (petition for writ of habeas corpus dismissed as successive); *Taylor v. Dretke*, No. 2:01-cv-00273-J (N.D. Tex. 2004) (petition for writ of habeas corpus denied on the merits); ECF No. 1. All grounds for relief were or could have been presented in Petitioner's first petition. *See Taylor v. Dretke*, No. 2:01-cv-00273-J (N.D. Tex. 2004) (petition for writ of habeas corpus denied on the merits); ECF No. 1. Therefore, the instant petition is successive, and the district court is without jurisdiction to entertain the petition unless leave to file is granted by the Court of Appeals. *See Crone*, 324 F.3d at 838. Petitioner states that in the instant case, the Court of Appeals granted him leave to file a successive Petition, but he provides no documentation to support that claim. *See* ECF No. 1.

After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus, ECF No. 1, as successive, but without prejudice to Petitioner's right to

seek leave to file a successive petition from the United States Court of Appeals for the Fifth Circuit. The undersigned also **RECOMMENDS** that Judge O'Connor refer the case back to the undersigned if Petitioner files a copy of the order from the Court of Appeals granting him leave to file a successive petition or files a document stating the cause number of the case in which he claims to have obtained leave.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **October 11, 2019**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE